ORDER ON PETITION TO REHEAR
SWINEY, J.
Appellant, James M. Crain, filed a Petition to Rehear pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure. Appellant asserts four grounds to support this petition. In the first ground, Appellant claims this Court did not address one of the assignments of error. Specifically, Appellant claims the Trial Court erred when it taxed as court costs the fees of the guardian ad litem which were incurred in the separate Juvenile Court proceeding. The Appellant then claims that our “ruling leaves this provision of the Decree intact, rendering Appellant liable for such fees under his cost bond.” We disagree. Tenn. R. Civ. P. 54.04(2) provides that costs not included in the bill of costs are allowable only in the trial court’s discretion, and such allowable discretionary costs specifically include “guardian ad litem fees .... ” Tenn.Code Ann. § 20-12-125 provides that:
In all cases of bonds, for the prosecution of original suits, or where security is taken or recorded in any court, sufficient security shall be taken by the clerk to pay all costs that may be at any time adjudged against the principal, in the event they are not paid by the principal. Notmthstanding any other provision of law to the contrary, where an attorney undertakes to serve as surety after July 1, 1999, such surety shall only be obligated for amounts required by law or included in the clerk’s bill of costs, and shall not be responsible for discretionary costs. In such instances, the clerk may require an additional surety other than the attorney as may be necessary to secure payment for discretionary costs, (emphasis added).
Plaintiffs complaint and Appellant’s accompanying cost bond were filed with the Trial Court on March 20, 2001. Therefore, Appellant’s claim that our ruling somehow resulted in his being obligated for guardian ad litem fees is without any merit.
Under Rule 39(a), “[a] rehearing will not be granted to permit reargument of matters fully argued.” With regard to Appellant’s remaining three grounds, these matters were fully argued by the parties, considered by this Court, and sufficiently addressed in our Opinion. We find, contrary to Appellant’s insistence, that our Opinion does not misapprehend any material facts or propositions of law in the record.
Appellant’s Petition to Rehear is DENIED. Costs related to this Petition to Rehear are assessed to the Appellant, James M. Crain, and his surety.